

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (6'7) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 1, 2005

Michael F. Natola
Attorney at Law
63 Atlantic Avenue
Boston, MA )2110

Re:     United States v. Steven C. Morello
        Crim. No. 04-10369-MLW

Dear Attorney Natola:

        This letter sets forth the Agreement between the United States Attorney for the District of Massachusets ("the U.S. Attorney") and your client, Mr. Morello ("Defendant"), in the above-captioned case. The Agreement is as follows:

        1.      Change of Plea

        At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment. Defendant expressly and unequivocally admits that he in fact committed the crimes charged in each count of the three-count Indictment, and is in fact guilty of those offenses.

        2.      Penalties

        Defendant faces the following maximum penalties for each count: twenty years of imprisonment, a $250,000 fine, three years of supervised release and a mandatory $100 special assessment.

        3.      Sentencing Guidelines

        The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as

modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a)     The parties agree to take the position that the applicable Guideline section is § 2B3.1 and that twenty is the base offense level thereunder.

(b)     The parties further agree that a two-level enhancement occurs under § 2B3.1(b)(1) because the property of a financial institution (in this case, banks) was taken.

(c)     The parties further agree that an additional two-level enhancement occurs with regard to Count Two, under § 2B3.1(b)(2)(F), because that robbery involved an implied threat of death.

(d)     The parties further agree that an additional three levels are added, under § 3D1.4 (grouping) because the total units are three.

(e)     The parties further agree that Defendant's criminal record and the nature of the instant offenses (as crimes of violence as defined at § 4B1.2) render him a Career Offender under § 4B1.1. As a result, under the Guidelines, the Defendant falls under Criminal History Category VI and, because the maximum statutory imprisonment is twenty years, Defendant should receive an offense level of 32.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted

Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

> (a)  Fails to admit a complete factual basis for the plea;
>
> (b)  Fails to truthfully admit his conduct in the offenses of conviction;
>
> (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (d)  Fails to provide truthful information about his financial status;
>
> (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;
>
> (g)  Intentionally fails to appear in Court or violates any condition of release;
>
> (h)  Commits a crime;
>
> (i)  Transfers any asset protected under any provision of this Agreement; and/or
>
> (j)  Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

3

(a)     Incarceration or other confinement at the low-end of the applicable
        guideline range;

(b)     Fine at the low-end of the applicable guideline range [unless the court
        finds that Defendant is not able and, even with the use of a reasonable
        installment schedule, is not likely to become able to pay a fine];

(c)     Restitution in the amount of $7,804.00 ($1,382.00 payable to the East
        Boston Savings Bank described in Count One; $1,000.00 payable to the
        Boston Federal Savings Bank described in Count Two; $5,422.00 payable
        to the Eastern Bank described in Count Three).

(d)     Mandatory special assessment of $100.00 per count of conviction (total of
        $300.00);

(e)     A three-year period of supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions,
memoranda of law and documentation of any kind on which he intends to rely at sentencing not
later than twenty-one days before sentencing. Any basis for sentencing with respect to which all
expert reports, motions, memoranda of law and documentation have not been provided to the
U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S.
Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in
which the District Court determines it.

5.      Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or
before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that
Defendant is financially unable to do so.

6.      Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on
direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that
his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such
as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement,
Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

4

       (1)     Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

       (2)     The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.     Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9.     Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later

be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 10. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

### 11. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

### 12. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this matter. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Please return the original of this letter to Assistant U.S. Attorney Paul R. Moore.

6

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

First Assistant

By:

LAURA J. KAPLAN, Chief   U-S. Attorney
Violent & Organized Crime Section

Paul R. Moore
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter (or it has been read to me) in its entirety and discussed it with my attorney, Mr. Natola. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Steven C. Morello
Defendant

Date: 12-2-05

I certify that Mr. Morello has read this Agreement (or that the Agreement has been read to him) in its entirety and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Michael F. Natola
Attorney for Mr. Morello

Date: Dec. 2, 2005

8