UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>)<br>v.            )<br>)<br>)<br>STEVEN C. MORELLO )  | No. 04-CR-10369-MLW |

**AFFIDAVIT OF MICHAEL F. NATOLA IN SUPPORT
OF DEFENDANT'S MOTION FOR RE-SENTENCING**

Now comes Michael F. Natola and hereby deposes and says:

1. I was appointed to represent the defendant on June 16, 2005, and represented him through his sentencing on May 4, 2006.

2. From the time I began to represent Mr. Morello, I was aware that he had a pending indictment in the Middlesex Superior Court, Docket No. MICR2005-00128, which charged him with three counts of unarmed robbery.

3. In addition, I believed that Mr. Morello was, at the time I began to represent him, serving a state sentence, and represented as much to Magistrate Judge Alexander. See docket entry dated 06/23/2005.

4. That belief was erroneous, as Mr. Morello was in pretrial custody in his pending Middlesex County Superior Court case.

5. The cause of my error was that Mr. Morello was being held at the time at a state prison facility under the jurisdiction of the Massachusetts Department of Correction, instead of at a Middlesex County jail, where Middlesex defendants in custody awaiting trial are ordinarily kept.

6. On the basis of the representation I made to Magistrate Judge Alexander, the

1

detention hearing in this case was postponed until a later time, pursuant to *United States v. King,* 818 F.2d 112,114 (1st Cir. 1987). See second docket entry dated 06/23/2005.

7. Either immediately thereafter, or shortly thereafter, Mr. Morello was removed from the state facility to the Plymouth County Detention Facility, which I know is used by the United States Marshals Service to house federal pretrial detainees; and which I know is not used to house Middlesex defendants in custody awaiting trial.

8. Due to oversight on my part, which was reinforced by the reality that Mr. Morello was being detained at the Plymouth facility, as opposed to at a state Department of Correction facility or at a Middlesex County facility, as this case proceeded in its ordinary course, I completely forgot that Mr. Morello was in state custody the entire time the instant case was pending.

9. From virtually my first contact with Mr. Morello, he expressed to me his intent to dispose of the instant case by way of a guilty plea, as opposed to trial.

10. Throughout the pendency of the case, it was Mr. Morello's desire and intention, as well as mine, that the sentences imposed in both his pending federal and state cases run concurrently; otherwise he would face imprisonment of up to approximately thirty-two years.

11. Based on conversations I have had with Assistant U.S. Attorney Paul Moore, who prosecuted the instant case, both prior to and after Mr. Morello's sentencing in this case, I believe that he shared Mr. Morello's and my intent regarding the amount of time Mr. Morello would actually be in custody on his federal and state sentences.

2

12. During the pendency of the instant case, I spoke on several occasions with Mr. Morello's attorney in his state case, Joanne Stringer of the Committee for Public Counsel Services, Cambridge office, in an effort to coordinate the dispositions of Mr. Morello's federal and state cases in such a way that the sentences imposed in both cases operated concurrently and not consecutively.

13. Mr. Morello was sentence in the instant case on May 4, 2006.

14. On March 14, 2006, Mr. Morello entered a plea of guilty in his state case, and on June 20, 2006 was sentenced to a term of imprisonment in the State Prison for 15 to 20 years.

15. Some time in early July, I learned from Mr. Morello that he had been informed by officials at the Massachusetts Correctional Institution at Concord that he was then serving his state sentence, was not receiving any credit on his federal sentence; and that his federal sentence would be served consecutively to his state sentence.

16. This was and is completely contrary to Mr. Morello's and my intention (and, I believe, the intention of the prosecutor in this case) concerning the imposition of sentence in the instant case.

Affirmed and subscribed under the pains and penalties of perjury this 9th day of August, 2006.

/s/Michael F. Natola
_____
MICHAEL F. NATOLA
BBO No. 367580
63 Atlantic Avenue
Boston, Massachusetts 02110
Tel. (617) 367-1199
Fax (617) 227-3384
E-mail MFNatola@aol.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing affidavit was served upon Assistant U.S. Attorney Paul Moore electronically the above date.

                                       /s/Michael F. Natola
                                       _____
                                       MICHAEL F. NATOLA