UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>)<br>v.        )        No. 04-CR-10369-MLW<br>)<br>)<br>STEVEN C. MORELLO ) | |

MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION FOR RE-SENTENCING

The facts upon which the instant motion and memorandum are based are set forth in the <u>Affidavit of Michael F. Natola in Support of Defendant's Motion for Re-Sentencing.</u> This memorandum is based exclusively upon a memorandum dated November 25, 2005, drafted by Henry J. Sadowski, Regional Counsel, Northeast Region, Federal Bureau of Prisons, entitled **INTERACTION OF FEDERAL AND STATE SENTENCES WHEN THE FEDERAL DEFENDANT IS UNDER STATE PRIMARY JURISDICTION.**  A copy of the memorandum will be filed separately by mail as an exhibit to this memorandum of law.

The Sadowski memorandum begins with the admonishment that the topic thereof "is probably the single most confusing and least understood federal sentencing issue."  It goes on to elucidate the following points:

a) "[A] federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence."  Page 1, bottom.

b) "When a federal sentence is imposed on a defendant in state custody, the federal sentence may commence when the Attorney General agrees to

1

designate the state facility for service of the federal sentence." Page 1, bottom – Page 2, top.

c) "A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. The state authorities retain primary jurisdiction over the prisoner; federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation." Page 2, second paragraph. [**NOTE**: This is precisely the situation in which Mr. Morello was throughout the prosecution of the instant case. That is, he was in primary custody of the Commonwealth of Massachusetts, and was never in federal primary custody.]

The Sadowski memorandum goes on to explain the interaction of federal and state sentences, and the options available to district judges when a federal defendant is also facing a state sentence. Specifically, Sadowski explains that:

> If state and federal sentences are imposed on an offender, the general rule is that the sentence imposed by the sovereign with primary jurisdiction is served first. Generally, decisions concerning concurrent or consecutive service of a federal sentence with a state sentence is [sic] not dependent on the order of sentence imposition. If the federal judgment and commitment order is silent and if the state authorities have primary jurisdiction over the defendant, [**NOTE:** This is the exact situation confronting Mr. Morello at the present time], the Bureau of Prisons applies a presumption that the federal sentence will run consecutively with the state sentence regardless of which sentence was imposed first. Under 18 U.S.C. §3584, the federal sentencing judge may specifically order the federal sentence to run consecutively with a state sentence. The Bureau of Prisons interprets §3584 to also permit the federal judge to order concurrent service with a state sentence. . . To allow the federal sentence to commence, the Bureau of Prisons designates the state correctional institution (the primary custodian) for service of the federal sentence. Since the earliest date a federal sentence can commence is the date it is imposed, this designation can be made <u>nunc pro tunc</u> no earlier than the date of federal sentencing. . . Page 3, middle – Page 4, top.

Finally, for the purposes of the instant motion, Sadowski observes that, "Since the

Bureau usually follows a concurrent recommendation from the sentencing judge, the issue of the authority of a federal judge to order concurrent service is rarely tested. Page 4, middle.

Based upon the facts set forth in the supporting affidavit and the substance of the instant memorandum, the defendant respectfully suggests that the Court has the power to, and ought to sentence the defendant in the manner requested in his motion for re-sentencing.

                                        Steven C. Morello
                                        By his attorney,

                                        /s/Michael F. Natola
                                        _____

August 9, 2006                     MICHAEL F. NATOLA
                                        BBO No. 367580
                                        63 Atlantic Avenue
                                        Boston, Massachusetts 02110
                                        Tel. (617) 367-1199
                                        Fax (617) 227-3384
                                        E-mail MFNatola@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing memorandum of law was served upon Assistant U.S. Attorney Paul Moore electronically the above date.

                                        /s/Michael F. Natola
                                        _____
                                        MICHAEL F. NATOLA

# Law Offices of Michael F. Natola

The Prince Building
63 Atlantic Avenue
Boston, Massachusetts 02110

Tel. (617) 367-1199
Fax (617) 227-3384
E-mail MFNatola@aol.com

FILED
CLERKS OFFICE
2006 AUG -9 P 1: 48
U.S. DISTRICT COURT
DISTRICT OF MASS

August 9, 2006

Clerk's Office, Intake
United States District Court
1 Courthouse Way
Boston, Massachusetts 02210

Re:   No. 04 CR 10369 MLW
      **United States v. Steven C. Morello**

Greetings:

    Enclosed herewith for filing and docketing is an attachment to Document Number 28 in the above-referenced action.

Very truly yours,

MICHAEL F. NATOLA

Enclosure

cc:   AUSA Paul Moore



## INTERACTION OF FEDERAL AND STATE SENTENCES WHEN THE FEDERAL DEFENDANT IS UNDER STATE PRIMARY JURISDICTION

HENRY J. SADOWSKI, REGIONAL COUNSEL,
NORTHEAST REGION, FEDERAL BUREAU OF PRISONS
215-521-7375

This memorandum details how the Federal Bureau of Prisons computes federal sentences imposed when the defendant is under the primary custodial jurisdiction of state authorities. This is probably the single most confusing and least understood federal sentencing issue. To place this discussion into context, basic sentencing principles will be discussed and then applied to the state and federal sentencing issue. The policy of the Bureau of Prisons concerning where the federal sentence is served will also be addressed.

## BASIC FEDERAL SENTENCE COMPUTATION DECISIONS

In any computation of a federal sentence, two separate decisions must be made: when the federal sentence commences and to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence.[1] For offenses committed prior to November 1, 1987, each of these decisions is governed by repealed 18 U.S.C. § 3568. Section 3568 specifies that the Attorney General is responsible for sentence computation decisions. For offenses committed on or after November 1, 1987, commencement of federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). The provisions of § 3585 were designed to maintain the same basic authority for sentence computation in the Attorney General as under its predecessor. United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992). Wilson held that, although new § 3585 omits the language of old § 3568 specifying that the Attorney General is responsible for sentence computation, Congress did not intend to change this well settled authority. Id. The authority of the Attorney General to compute sentences has been delegated to the Federal Bureau of Prisons by 28 C.F.R. § 0.96 (2002).[2]

## COMMENCEMENT OF FEDERAL SENTENCE

The underlying principle of both repealed § 3568 and present § 3585(a) is that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence.[3] When a federal sentence is imposed on a defendant in state custody, the federal sentence may commence when the Attorney General agrees to designate the

---

[1] Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996); United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993).

[2] See United States v. Pineyro, 112 F.3d 43 (2d Cir. 1997).

[3] Pinaud v. James, 851 F.2d 27 (2d Cir. 1988); Salley v. United States, 786 F.2d 546 (2d Cir. 1986); Chambers v. Holland, 920 F.Supp. at 621.

state facility for service of the federal sentence.[4] The designation authority of the Attorney General under repealed 18 U.S.C. § 4082 had been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96(c). Present 18 U.S.C. § 3621 explicitly vests the designation authority in the Bureau of Prisons. The earliest date a federal sentence can commence is the date it is imposed. Thus, a concurrent sentence commences on date of its imposition not on the date of commencement of prior sentence, or some earlier date.[5] A sentence cannot be ordered to commence at a date prior to its imposition.[6]

A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody.[7] The state authorities retain primary jurisdiction over the prisoner; federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.[8] The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence.[9] When a prisoner is borrowed from the primary custodian via a writ of habeas corpus ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed.[10] This concept of primary jurisdiction controls many of the decisions in this area.

---

[4] Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001), cert. denied, 123 S.Ct. 889 (2003); Romandine v. United States, 206 F.3d 731 (7th Cir. 2000); Rogers v. United States, 180 F.3d 349 (1st 1999), cert. denied, 528 U.S. 1126 (2000); McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Pungitore, 910 F.2d 1084, 1118-1119 (3d Cir. 1990), cert. denied, 111 S.Ct. 2009-2011 (1991).

[5] Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).

[6] United States v. Gonzalez, 192 F.3d 350 (2d Cir 1999); United States v. Labeille-Soto, 163 F.3d 93 (2d Cir. 1998). But see United States ex rel. Del Genio v. United States Bureau of Prisons, 644 F.2d 585, 589 (7th Cir. 1980), cert. denied, 449 U.S. 1084 (1981) (implying in dicta sentencing judge could order prior commencement).

[7] United States v. Cole, 416 F.3d 894 (8th Cir. 2005); United States v. Evans, 159 F.3d 908 (4th cir. 1998); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992); Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); Salley v. United States, supra; Hernandez v. United States Attorney General, 689 F.2d 915 (10th Cir. 1982); Roche v. Sizer, 675 F.2d 507 (2d Cir. 1982); Chambers v. Holland, 920 F.Supp. at 622.

[8] Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2001); Jake v. Herschberger, 173 F.3d 1059 (7th Cir. 1999); Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992); Hernandez v. United States Attorney General, supra; Roche v. Sizer, supra; Crawford v. Jackson, 589 F.2d 693 (D.C.Cir. 1978), cert. denied, 441 U.S. 934 (1979); Cobb v. United States, 583 F.2d 695 (4th Cir. 1978); Chambers v. Holland, supra; Shumate v. United States, 893 F.Supp. 137 (N.D.N.Y. 1995); Miller v. United States, 826 F.Supp. 636 (N.D.N.Y. 1993). See also Bowman v. United States, 672 F.2d 1145, 1153-154 (3d Cir. 1982).

[9] United States v. Cole, 416 F.3d 894 (8th Cir. 2005); Rios v. Wiley, 201 F.3d at 274; Taylor v. Reno, 164 F.3d 440 (9th Cir. 1998); United States v. Warren, 610 F.2d 680 (9th Cir. 1980); Chambers v. Holland, 920 F.Supp. at 622; United States v. Smith, 812 F.Supp. 368 (E.D.N.Y. 1993).

[10] Delima v. United States, 41 F.Supp. 2d 359 (E.D.N.Y. 1999), aff'd, 213 F.3d 625 (2d Cir. 2000).

## PRIOR CUSTODY TIME CREDIT

Under the old § 3568, a federal prisoner was not entitled to prior custody time credit towards a federal sentence for the period spent in state custody especially when the state provided credit for the same period towards a state sentence.[11] Time in custody of the United States Marshal pursuant to a federal writ of habeas corpus ad prosequendum from state custody is not federal custody in connection with the federal offense.[12] For new law cases, the Supreme Court noted that under new § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 112 S.Ct. at 1356. Under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit towards another sentence.[13] There are some limited exceptions,[14] but the general rule is no credit is afforded towards a federal sentence if credit has been given for the same period of custody towards a state sentence.

## CONCURRENT VERSUS CONSECUTIVE SERVICE OF FEDERAL SENTENCE WITH STATE SENTENCE

As in the commencement decision, the order in which sentences are served is governed by the concept of primary jurisdiction. If state and federal sentences are imposed on an offender, the general rule is that the sentence imposed by the sovereign with primary jurisdiction is served first. Generally, decisions concerning concurrent or consecutive service of a federal sentence with a state sentence is not dependent on the order of sentence imposition. If the federal judgment and commitment order is silent and if the state authorities have primary jurisdiction over the defendant, the Bureau of Prisons applies a presumption that the federal sentence will run consecutively with the state sentence regardless of which sentence was imposed first[15]. Under 18 U.S.C. § 3584, the federal sentencing judge may specifically order the federal sentence to run consecutively with a state sentence.[16] The Bureau of Prisons interprets § 3584 to also permit the federal judge to order concurrent service with a state sentence.[17] There is a split in the circuits

---

[11] Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); United States v. Blankenship, 733 F.2d 433 (6th Cir. 1984); United States v. Grimes, 641 F.2d 96 (3d Cir. 1981); Siegal v. United States, 436 F.2d 92, 95 (2d Cir. 1970).

[12] E.g., Rios v. Wiley, 201 F.3d at 271-74; Thomas v. Whalen, supra; Chambers v. Holland, 920 F.Supp. at 622; Miller v. United States, supra; United States v. Smith, 812 F.Supp. 368 (E.D.N.Y. 1993). But see Brown v. Perrill, 28 F.3d 1073 (10th Cir. 1994).

[13] Rios v. Wiley, 201 F.3d at 272; Tisdale v. Menifee, 166 F.Supp. 2d 789 (S.D.N.Y.2001)

[14] See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).

[15] This presumption is drawn from 18 U.S.C. § 3584(a) which generally requires consecutive service of sentence imposed at different times unless the court specifies concurrent service.

[16] United States v. Williams, 46 F.3d 57 (10th Cir. ), cert. denied, 116 S.Ct. 92 (1995); United States v. Ballard, 6 F.3d 1502 (11th Cir. 1993); United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992); Pinaud v. James, 851 F.2d 27 (2d Cir. 1988); Salley v. United States, 786 F.2d 546 (2d Cir. 1986).

[17] United States v. Fuentes, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997).

on whether the federal judge can order concurrent or consecutive service with a state sentence yet to be imposed.[18] At a minimum, the Bureau would consider any such order as a recommendation from the federal sentencing court. To allow the federal sentence to commence, the Bureau of Prisons designates the state correctional institution (the primary custodian) for service of the federal sentence. Since the earliest date a federal sentence can commence is the date it is imposed, this designation may be made nunc pro tunc no earlier than the date of federal sentencing. A sentence may not be ordered to run concurrent with a sentence which has been served.[19]

Under old law, 18 U.S.C. § 3568, when the state had primary jurisdiction, an order by the federal sentencing judge to run the federal sentence concurrently with a state sentence (even one yet to be imposed) was treated by the Bureau of Prisons as a recommendation since the federal sentencing court had no power to order a federal sentence to run concurrently with a state sentence.[20] Since the Bureau usually follows a concurrent recommendation from the sentencing judge, the issue of the authority of a federal judge to order concurrent service is rarely tested. To give effect to the federal sentence court's recommendation and allow the federal sentence to commence, the Bureau designates the state facility for service of the federal sentence.[21]

## PLACE OF INCARCERATION

The primary custodian is responsible for the custody of the defendant, until primary jurisdiction is relinquished. If a defendant has been arrested by state authorities and the state never relinquished custody (by bail, dismissal of charges, parole, etc.), the defendant must serve his state sentence in state custody. Production of the defendant via a federal writ of habeas corpus ad prosequendum does not shift the primary jurisdiction of custody to federal authorities.[22] After the writ is satisfied, the United States Marshal must return the "loaned" defendant back to the state, the primary custodian. Primary jurisdiction is not effected by the order of imposition of federal and state sentence.

The jurisdiction who is the primary custodian is responsible for the costs of incarceration. When the federal authorities are the primary custodian of the prisoner, the United States bears the costs of incarceration. When the state authority is primary custodian, the state bears the costs of

---

[18] Contrast United States v. Andrews, 330 F.3d 1305 (11th Cir. 2003); United States v. Mayotte, 249 F.3d 797 (8th Cir. 2001); United States v. Williams, supra; United States v. Ballard, supra; Salley v. United States, supra; with Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005); Romandine v. United States, 206 F.3d 731 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998); United States v. Clayton, 927 F.2d 491 (9th Cir. 1991).

[19] United States v. Labeille-Soto, supra.

[20] Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Campisi, 622 F.2d 697 (3d Cir. 1980); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976); United States v. Huss, 520 F.2d 598 (2d Cir. 1975).

[21] See footnote 4.

[22] See footnote 11.

incarceration. When the state has primary jurisdiction over a defendant, the federal sentencing judge may not order the delivery of the defendant for service of sentence in a federal institution. This order is tantamount to a transfer of custody beyond the jurisdiction of the federal court. [23] Similarly, when the state has primary jurisdiction, the state sentencing judge cannot order that the state prisoner be transported to a federal institution to serve his state sentence.[24] A state court has no authority to order how a federal sentence is to be computed or served.[25]

There are several ways in which the Federal Bureau of Prisons may accept a prisoner in primary state custody. First, under a contract pursuant to 18 U.S.C. § 5003, the state authority could request transfer of the prisoner to the federal authorities with the understanding that the costs of incarceration are reimbursed to the United States. The existence of a contract between the state in question and the Bureau must be checked. Secondly, the United States Attorney's Office may sponsor the placement of a state prisoner in the witness protection program under 18 U.S.C. § 3521. Finally, the Federal Bureau of Prisons will accept a state defendant when the state authorities relinquish primary jurisdiction by parole, bail, dismissal, etc. The act relinquishing primary jurisdiction usually requires the United States Marshal to assume custody pursuant to an outstanding detainer. The Marshal then transfers the prisoner to a federal facility designated by the Federal Bureau of Prisons. If the United States obtains a state inmate under the Interstate Agreement of Detainers Act (instead of through a writ), the same concepts discussed herein apply.

## **IMPACT OF SENTENCING GUIDELINE 5G1.3**

At sentencing, it is important to determine to what extent U.S.S.G. § 5G1.3 applies to the defendant. In certain circumstances, 5G1.3 permits the court to make an adjustment or a downward departure for time spent in detention which would not be awarded towards the federal sentence by the Bureau of Prisons under 18 U.S.C. § 3585(b). Section 5G1.3 has been modified several times, so it is crucial to determine which version applies to the defendant.[26] The present version of 5G1.3 permits an adjustment (non-departure) if the time in detention is related to the federal offense (5G1.3(b)). If the court finds an adjustment is justified based on a discharged sentence, the adjustment is to be via downward departure. If the federal sentencing judge

---

[23] United States v. Warren, 610 F.2d 680 (9th Cir. 1980); United States v. Smith, 812 F.Supp. 368 (E.D.N.Y. 1993).

[24] Leal v. Tombone, 341 F.3d 427 (5th Cir. 2003); Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001), cert. denied, 123 S.Ct. 889 (2003); Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992).

[25] Leal v. Tombone, supra; Taylor v. Sawyer, supra; Jake v. Herschberger, 173 F.3d at 1065; United States v. Yates, 58 F.3d 542, 550 (10th Cir. 1995); Pinaud v. James, 851 F.2d 27, 32 (2d Cir. 1988); United States v. Sackinger, 704 F.2d 29, 32 (2d Cir. 1983).

[26] There have been disagreements among circuits concerning different applications of § 5G1.3. Research in the respective circuit case law is also crucial. Precise nuances of the Sentencing Guidelines are beyond the intention and the scope of this memorandum. The section has included to alert the reader of this other area of sentencing law which may be impacted when a defendant is subject to state and federal prosecutions.

invokes 5G1.3, it is crucial for the Judgment and Commitment order to delineate exactly how the court determined the sentence. For example, if the court applied an adjustment, a reference to 5G1.3(b) and the amount of adjustment should be noted on the Judgment and Commitment order. This reference assist the Bureau in resolving issues concerning the court's intent, which issues often arise years after the sentence was imposed. It is important to note the Bureau of Prisons will apply the prior custody credit standards of 18 U.S.C. § 3585(b) to every federal sentence. Any reference in the Judgment and Commitment order to credit for time served is unnecessary and superfluous.

November 25, 2005