UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                                   )<br>v.                                      )<br>                                   )<br>STEVEN C. MORELLO,          )<br>                 Defendant.      ) | Criminal No.  04-10369-MLW |

## GOVERNMENT'S MOTION TO NOTIFY THE COURT REGARDING ITS POSITION AND EFFORTS IN RESPONSE TO DEFENDANT'S MOTION FOR RE-SENTENCING

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully seeks to inform the Honorable Court of its efforts in response to the Motion for Re-Sentencing by Mr. Morello.[1]

In sum, the government is in full agreement with the defendant with regard to the intended concurrency of the federal and state sentences. However, the government finds no authority for this Court to retroactively modify the defendant's sentence.

The government is actively pursuing a designation from the Bureau of Prisons ("BOP") which would designate the state facility in which the defendant is incarcerated as the place of imprisonment for service of his federal sentence. It is the government's hope that this can be achieved without further action by this Court and anticipates a response from BOP within a matter of days or weeks (the undersigned has the impression that a response should be forthcoming within days).

---

[1] The government has and will continue to actively and cooperatively communicate its efforts to the defendant's counsel as described herein.

-1-

While the government seeks to achieve the desired objective without further action by this Court, it may be necessary for the government (perhaps joined by the defendant) to seek from this Court a "Recommendation" as to designation of the state facility as the place of incarceration for purposes of the defendant's federal sentence as well. Such a "Motion for Recommendation" to BOP would be a last resort for the parties, in the view of the government. Nonetheless, BOP is directed by statute, case law and internal policies to solicit the views of the sentencing judge when such issues arise.

## STATEMENT OF THE LAW

While there are significant legal problems with re-sentencing the defendant, recommending that BOP make a designation of his state facility is straightforward and legally unassailable. BOP has clear statutory authority, acknowledged in the federal courts, to designate the place of the prisoner's incarceration. Likewise, this Court plainly has the authority to issue a recommendation to BOP to designate a state facility.

> I. The Bureau of Prisons has statutory authority to designate state facilities as the place of incarceration for service of a federal sentence.

BOP clearly has authority pursuant to 18 U.S.C. § 3621 to designate the place of imprisonment for federal convicts. § 3621(b) provides, in relevant part, that

> "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . whether maintained by the Federal government *or otherwise* . . . ."

18 U.S.C. § 3621(b) (emphasis added). Interpreting this statutory provision, BOP in Program Statement 5160.05 explicates its policy for "Designation of State Institution for Service of Federal Sentence." The Statement explains that the purpose of designation is to provide for concurrent service of a federal sentence. 5160.05(1).

Numerous federal courts have recognized the authority of the Attorney General, and his delegate, BOP, to make such a designation and effect concurrent service of sentence. In <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Third Circuit acknowledged BOP's "broad statutory authority to make such *nunc pro tunc* designations." <u>Id</u>. at 481. In <u>McCarthy v. Doe</u>, 146 F.3d 118 (2d Cir. 1998), the Second Circuit followed, agreeing that § 3621(b) "grants broad discretion to the Bureau in designating a place of imprisonment, [and] gives the Bureau authority to make the *nunc pro tunc* designation sought by petitioner." <u>Id</u>. at 123.

The First Circuit has noted the parallel authority in other circuits, and implicitly recognized the authority of BOP to designate state facilities. See <u>Rogers v. United States</u>, 180 F.3d 349, 357 (1st Cir. 1999) (noting authority for "the notion that the Bureau of Prisons may make such a designation in nunc pro tunc fashion where the federal sentencing court is silent as to whether a federal sentence should run concurrently with a 'not-yet-imposed state sentence.'"). Similarly, this Court has found that "When a federal court sentences a defendant who is in state custody at the time of sentencing, 'the federal sentence may commence if and when the Attorney General or BOP agrees to designate the state facility for service of the federal sentence.'" <u>Jimenez v. Warden</u>, 147 F.Supp.2d 24, 28 (D. Mass. 2001), citing <u>United States v. Smith</u>, 812 F.Supp. 368, 370 (E.D.N.Y. 1993).

  II. <u>This Court, as the federal sentencing court, has the authority to recommend designation to the Bureau of Prisons.</u>

The authority of the sentencing court to issue non-binding but highly instructive recommendations to BOP is likewise clear. § 3621 instructs BOP to consider "any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b)(4); <u>see also</u> <u>Keohane</u>, 921 F.2d at 483 ("the statute wisely requires the Bureau to solicit the views of the sentencing judge whenever possible").

BOP policy accordingly requires the designating authority to consult the sentencing court. The Program Objectives provide that "state institutions will be designated . . . when it is consistent with the intent of the federal sentencing court." 5160.05(3); <u>see also</u> <u>id</u>. at (8) ("Authority for Designations") ("A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system."). In exceptional circumstances, which are not at issue here because this case complies with the ordinary pattern of designation, <u>see id</u>. at (9)(a) ("Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence."), BOP is instructed to consider the recommendation of the prosecuting Assistant United States Attorney. <u>Id</u>. at (8)(a).

Thus, there is some reason to believe that even if this Court ultimately declined to issue a recommendation to BOP, ultimately either defendant or BOP authorities may return to seek this Court's recommendation. Pursuant to <u>Keohane</u>, prisoners are entitled to have BOP review their petitions for designation, and it appears to be BOP policy to seek a recommendation from the federal sentencing court. <u>See, e.g.</u>, <u>United States v. Pineyro</u>, 112 F.3d 43, 44 (2d Cir. 1997)

("according to its policy, BOP instructed [defendant] to first solicit the recommendation of his sentencing judge").

## CONCLUSION

The government does not now move for such a "Recommendation" from this Court, although it is quite apparent that this Court could choose to issue any recommendation it may wish at anytime (with or without such a motion). It is the government's goal to achieve the mutually (defendant and government) desired result through an "internal" BOP designation that would render unnecessary further action by this Court. The government will immediately notify the Court and the defendant of developments in this matter with BOP, which are anticipated shortly.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/ Paul R. Moore
      Paul R. Moore
      Assistant U.S. Attorney

September 29, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney for defendant STEVEN C. MORELLO, Michael F. Natola, Esq., on September 29, 2006, via electronic notification.

          /s/ Paul R. Moore
          Paul R. Moore
          Assistant U.S. Attorney